UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK ZIMBAL,

    Plaintiff,

v.

                              Case No. 22-cv-985-pp

FIRSTECH, INC.,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S EXPEDITED NON-DISPOSITIVE MOTION TO REQUIRE DEFENDANT TO AMEND STATEMENT OF UNDISPUTED MATERIAL FACTS IN COMPLIANCE WITH LOCAL RULE 56(B)(1)(C) (DKT. NO. 91)**

---

    This case continues to be plagued with needless disputes.

    On March 1, 2024, the defendant filed a motion for summary judgment, dkt. no. 82, a brief in support of the motion, dkt. no. 83, and a document titled "Defendant Firstech, Inc.'s Civil Local Rule 56(b)(1)(C) Statement of Undisputed Material Facts," dkt. no. 84. On March 19, 2024, the plaintiff filed a document titled "Plaintiff's Expedited Non-Dispositive Motion to Require Defendant to Amend Its Statement of Material Facts to Comply with Local Rule 56(b)(1)(C)." Dkt. No. 91. Six days later, the defendant filed an "opposition" to the plaintiff's motion. Dkt. No. 93. Neither party has followed the requirements of this court's local rules.

    <u>The Defendant</u>

    Civil Local Rule 56(b)(1)(C) (E.D. Wis.) requires a party moving for summary judgment to file, among other things, "a statement of proposed

1

material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law[.]" Subsection (i) of that rule mandates that the statement "shall consist of short numbered paragraphs, each containing a single material fact . . . ." Subsection (ii) states that the moving party "may not file more than 150 separately numbered statements of fact." The Committee Comment explains that the purpose of this rule is "to limit the number of proposed statements of *material* fact." Civil L.R. 56, Committee Note at page 44 (Emphasis added.) It goes on to state that "[m]oving parties are limited to 150 separately numbered proposed statements of *material* fact, and non-moving parties are limited to 100 separately numbered proposed statements of additional *material* facts." Id. (emphasis added).

      The plaintiff argues that although the defendant's "Statement of Undisputed Material Facts" contains 146 numbered paragraphs, many of them "consist of multiple separate facts connected by liberal use of conjunctions ('and,' 'so,' and 'but'), subordinate conjunctions ('although'), parentheses, and semicolons," and that as a result, the defendant's statement of facts "far exceeds 150 separate facts in violation of L.R. 56(B)(1)(C)." Dkt. No. 91. The plaintiff calculates that the defendant actually has asserted 253 facts, and accuses the plaintiff of cobbling together multiple facts into one paragraph to avoid the 150-material-fact limit in the rule. Id. at 2. The plaintiff gives examples. Id. at 2-3. The plaintiff argues that he will be "severely prejudiced if he is required to hunt and peck through [the defendant's] [proposed statement

2

of facts] and its string record citations in order to attempt to determine which record citation supports which conjoined fact," and asks the court to require the defendant to file an amended proposed statement of facts and summary judgment brief. Id. at 3.

In its opposition to the plaintiff's motion, the defendant argues that the local rule "does not require that each paragraph contain one fact, such that the entire statement be limited to 150 facts, regardless of their materiality." Dkt. No. 93 at 1-2. It argues that "the Local Rule is clear in that the statement of facts may not include more than 150 short, numbered paragraphs, each containing a single **material** fact." Id. at 2. The defendant asserts that "[a]ny additional **immaterial** facts included in the paragraphs are solely to provide context for the material fact asserted and many of the factual assertions that Plaintiff disputes are not unique, but rather repeated from separate paragraphs in the same Statement." Id. As to the plaintiff's complaint about string cites to the record, the defendant argues that "[s]imply because certain paragraphs are supported by *multiple* citations to the record does not render" the statement of facts non-compliant, maintaining that it included multiple citations "because those material facts are supported by numerous evidentiary materials in the record." Id.

The defendant also asserts that the *plaintiff's* counsel "has structured previous statements of fact, in unrelated litigation, in a similar, if not identical, manner as" the defendant." Id. at 3 (citing Schiller v. Ardagh Glass, Inc., Case No. 18-cv-1487, 2020 WL 1550201 (E.D. Wis. April 1, 2020) and Dentice v.

3

Farmers Ins. Exch., Case No. 10-C-113, 2012 WL 2504046 (E.D. Wis. June 28, 2012). The defendant asserts that the plaintiff "cannot have his cake and eat it too," citing United States v. Slater, Case No. 21-cr-106, 2022 WL 558097 (E.D. Wis. Feb. 24, 2022). Id.

The defendant concludes by asserting that the plaintiff has not explained how he would be prejudiced if the court denied his motion and arguing that the *defendant* would be prejudiced if the court granted the motion because it would have to incur the additional time and expense of amending its statement of facts and summary judgment brief. Id. at 4.

The defendant's reading of Civil L.R. 56(b)(1)(C)(i) is incorrect. Arguably, the Local Rules Committee *might* have made the intent of the rule more clear by inserting a comma after the word "single": "the statement shall consist of short numbered paragraphs, each containing a single**,** material fact . . . ." Or perhaps the Committee could have said, "each [paragraph] containing a single fact, which must be material." But it likely never occurred to the Committee that such additional language would be necessary. The summary judgment process focuses on *material* facts; Federal Rule of Civil Procedure 56 requires a court to grant summary judgment if the movant shows that there is "no genuine dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." That is why Civil L.R. 56(b)(1)(C) does not require parties to provide a statement of proposed *facts*. That is why it requires them to provide a statement of proposed *material* facts—so that the court can determine whether there are any genuine disputes as to any *material* facts.

4

The defendant's reading of the rule poses several practical problems (and hints at answers to the defendant's question about how the plaintiff could be prejudiced by the statement of facts it has filed). If a paragraph contains multiple facts, but only one of those facts is a *material* fact, how are the court and the non-movant to determine which fact is the material fact requiring a response? See Burnley v. Vill. of Brown Deer, Case No. 19-cv-364, 2020 WL 620014, at *1 n.1 (E.D. Wis. Feb. 10, 2020) ("Nearly every paragraph [within the defendants' statement of facts] is lengthy and contains multiple factual assertions, making the Court's task of discerning the material undisputed facts unduly burdensome. Counsel are admonished to take better care to follow the rules of the courts in which they practice, otherwise they will find themselves in deep trouble."). Civil L.R. 56(b)(2)(i) requires the non-moving party to file a "concise response to the moving party's statement of facts" that must reproduce each numbered paragraph from the moving party's statement of facts, "followed by a response to each paragraph . . . ." If one of the defendant's paragraphs contains multiple facts, must the non-moving party respond to each fact, or must it try to guess which is the *material* fact, respond only to that fact and leave the remaining facts unaddressed? When a paragraph asserting multiple facts ends with a string citation to different parts of the record, how are the court and the non-movant to know which fact is supported by which part of the string citation? Must the court and the non-moving party cross-reference each fact asserted with each part of each document included in the string citation?

5

The defendant cites two cases to support its position that Civil L.R. 56(b)(1)(C) limits each numbered paragraph to a single *material* fact, and not to a single fact. It first cites to Lemons v. City of Milwaukee, Case No. 13-cv-331, 2016 WL 3746571 (E.D. Wis. July 8, 2016), where District Judge Charles N. Clevert, Jr. observed that, at the time he wrote the decision (July 2016), the local rules recently had been amended to remove language limiting each numbered paragraph to one factual statement. Id. at *2. But some four years later, on May 11, 2020, the Local Rules Committee amended Rule 56(b)(1)(C)(i) to include "[l]anguage to clarify that each numbered paragraph shall contain a single material fact." Modifications to Local Rules, under "Modification Log" https://www.wied.uscourts.gov (last updated February 21, 2023). In the second case the defendant cited, E.E.O.C. v. Rogers Behavioral Health, Case No. 19-cv-935, 2022 WL 4080649 (E.D. Wis. Sept. 6, 2022), this court excused a movant's failure to comply with the 150-material-fact limit, but explained that it did so because many of the movant's facts were duplicates; they actually had "presented fewer than 150 unique statements of fact." Id. at *3. (And the court had to go through all the original and additional proposed facts to reach that conclusion—a waste of resources and time.) The defendant in this case claims that "many of the factual assertions that Plaintiff disputes are not unique, but rather repeated from separate paragraphs," but has not identified for the court and opposing counsel where in its statement of facts such duplication occurs. Dkt. No. 93 at 2.

As for the defendant's argument that the plaintiff's counsel is being hypocritical in objecting to a rule violation that he himself has committed, both cases the defendant cites pre-date the 2020 rule change discussed above. The quote upon which the defendant relies—about having one's cake and eating it too—is taken from a decision in a criminal case, in which the undersigned quoted Magistrate Judge Dries's statement that "society would not tolerate a defendant being allowed to have his cake and eat it, too: he can't distance himself from the contraband by stashing it in someone else's room and then later claim that somehow he is offended by the police searching that room." Slater, 2022 WL at *15. That case contributes nothing to the analysis, and the concept of eating one's cake and still having it isn't a new one. Finally, things that the plaintiff's counsel may have done in other cases are irrelevant to whether the *defendant* complied with the rule in *this* case.

As the court noted, the defendant ends its opposition response by asserting that "although Plaintiff contends he will be prejudiced if [defendant] is not ordered to amend its Statement, he has failed to provide any explanation as to exactly *how* he will allegedly be prejudiced[.]" Dkt. No. 93 at 4. That is not true. The plaintiff cites a paragraph from the defendant's statement of facts that contains four separate facts, and explains that "[t]his illustrates the prejudice for [plaintiff's] counsel because [the] paragraph . . . cites to 7 pages in 3 different deposition transcripts as record support for these four separate 'facts.' Moreover, these citations fail to identify which specific 'fact' is supported by which record citation." Dkt. No. 91 at 2-3 (citing Dkt. No. 84 at ¶10)). The

7

plaintiff also asserts that he "will be severely prejudiced if he is required to hunt and peck through [the defendant's statement of facts] and its string record citations in order to attempt to determine which record citation supports which conjoined fact." Id. at 3. The plaintiff is correct—and the court would suffer the same prejudice when the time comes for the court to analyze and rule on the summary judgment motion.

<u>The Plaintiff</u>

The court mentioned that *neither* party had complied with the local rules. The plaintiff titled his motion "Plaintiff's Expedited Non-Dispositive Motion to Require Defendant To Amend It's Statement of Undisputed Material Facts To Comply With Local Rule 56(b)(1)(C)." Dkt. No. 91 at 1. Civil L.R. 7(h) describes the procedure for filing an expedited, non-dispositive motion. Rule 7(h)(1) requires such a motion to be "designated as a 'Civil L.R. 7(h) Expedited Non-Dispositive Motion." The plaintiff's motion makes no mention of Civil L.R. 7(h), either in the caption or the body of the motion. Rule 7(h)(2) limits any affidavit accompanying the motion to two pages; the plaintiff's affidavit *is* two pages, but it is single-spaced. Dkt. No. 92.

The court will not deny the motion based on these deficiencies. It notes them because this case has been characterized by the lawyers' persistent snipes at, and attacks on, each other and by their inability to work civilly with each other. Perhaps that will not change until this case comes to an end, but it is an unfortunate example of what is, in the court's experience, a relatively rare degree of incivility between civil practitioners in federal court.

8

Conclusion

The court **GRANTS** the plaintiff's (presumably Civil L.R. 7(h)) expedited, non-dispositive motion to require the defendant to amend its statement of proposed material facts. Dkt. No. 91. The defendant's amended proposed statement of material facts must consist of short, numbered paragraphs, each one containing a single fact which must be material to the lawsuit. The defendant's statement may include no more than 150 such separately numbered, single, material facts.

The court **ORDERS** that by no later than the end of the day on **April 12, 2024**, the defendant must file an amended Statement of Proposed Material Facts that complies with this order, along with an amended brief in support of its motion for summary judgment which corresponds to the defendant's amended Statement of Proposed Material Facts. Should the defendant feel the need to exceed the 150-material-fact limit in Civil L.R. 56(b)(1)(C)(ii), the defendant must file a motion under Civil L.R. 56(b)(7), seeking the court's leave to do so.

The court **ORDERS** that the plaintiff must file his materials in opposition to the defendant's motion for summary judgment no later than **thirty days** after the defendant files its amended materials in support of the motion.

Dated in Milwaukee, Wisconsin this 27th day of March, 2024.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**